**Xiao Feng CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1277–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

R. Emery Clark, Assistant United States Attorney, for Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, Columbia, South Carolina, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiao Feng Chen petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if a reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). This Court reviews the BIA's and IJ's application of the particular facts to the definition of persecution *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). While no court has established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, all courts, including this one, require that the alleged harm be severe. *See Ai Feng Yuan v. U.S. DOJ*, 416 F.3d 192, 198 (2d Cir.2005). General harassment not rising to the level of extreme action, such as violence and physical abuse, does not constitute persecution. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004).

■ Chen's testimony that his arrest was valid because he did not have a bookselling permit indicated that the detention and abuse were not on account of a political opinion. While a search of his house and confiscation of his Falun Gong books by the authorities could have been conducted on account of an imputed political opinion, Chen did not establish that these actions rise to the level of severity required to constitute persecution.

■ There is also no indication that Chen is still wanted by the authorities in China. There is also no evidence in the record indicating that Chen would be persecuted on account of one of the five protected grounds upon return to China for leaving the country illegally. Because the

IJ's determination that Chen was ineligible for asylum is substantially supported by the record, it necessarily follows that the IJ's conclusion that he was ineligible for withholding of removal is also substantially supported. Finally, there is no evidence in the record tending to show that Chen would be subject to torture for failing to report to the police station, or for leaving the country illegally.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).